## OLYMPIA SHIPPING CORPORATION v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 8, 1926.)

No. 193.

1. **Evidence ⬗265(8)—Defendant's admissions in petition in Court of Claims against plaintiff held not to warrant summary judgment for plaintiff for amount claimed, where there was a bona fide dispute as to several items (Civil Practice Rules N. Y. rule 113).**

In action by United States against shipping corporation for balance due under contract for operation of ship, admission in defendant's petition in Court of Claims against plaintiff *held* not to support summary judgment rendered for plaintiff for amount claimed, especially where several items apparently were subject-matter of bona fide dispute, so that summary judgment under New York Civil Practice Rules, Rule 113, was not permissible.

2. **Courts ⬗40—District Court cannot indirectly adjudicate claim for charter hire, by awarding judgment for balance due over and above charter hire, after determining it was without jurisdiction to adjudicate such claim.**

District Court, after determining it was without jurisdiction to adjudicate claim for charter hire in counterclaim by defendant to action by United States, cannot indirectly adjudicate it by awarding judgment to plaintiff for balance due over and above charter hire.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against the Olympia Shipping Corporation. Judgment

for the United States, and defendant brings error. Reversed and remanded.

The complaint alleged that defendant, as plaintiff's agent, under certain agreements and laws of the United States collected at least $54,555.60; that "over and above the commissions and charges to which defendant was entitled, as such agent, there was on said 18th day of June, 1919, in the hands of defendant, belonging to plaintiff, the sum of at least $54,555.60; that plaintiff duly demanded payment of said sum of $54,555.60, and that the aforesaid sums were received by defendant in a fiduciary capacity as agent for plaintiff."

Defendant answered by general denials and set up further several defenses and counterclaims. These were, on plaintiff's motion, stricken out, and, as appears by the affidavit of plaintiff's attorney on the motion for summary judgment, were the basis of a pending action brought by defendant against plaintiff in the Court of Claims.

The affidavit in question averred that this action was "brought on express contract made between the defendant and the plaintiff through the United States Shipping Board, by the terms of which the contract known as United States Shipping Board Charter Form No. 2, a requisition charter time form, said defendant operated the Steamship Parthian as an agent of this plaintiff, and that such agent collected from and on the account of the plaintiff $54,555.60; that there is due and owing to the plaintiff from defendant, since the 18th day of June, 1919, the sum of $54,555.60, together with interest at 6 per cent. from that date, as analyzed in the statement of the general comptroller's department of the United States Shipping Board Emergency Fleet Corporation dated October 31, 1922, copy of which is annexed hereto and made a part hereof." It further averred that "the defendant filed a claim in the Court of Claims against the United States of America to recover the sums alleged to be due it as set forth in the six separate and distinct defenses stricken from defendant's answer; that in the petition filed in the Court of Claims the defendant admits that it operated the steamship Parthian for the account of the United States, and that it is liable to account to the plaintiff on said voyage in the sum of $56,409.12."

The annexed statement showed that this $54,555.60 was a balance struck by charging defendant with items aggregating $236,336.46 for revenue and cost of radio, and crediting it with $181,780.86 for disbursements

and charter hire. The itemization of disbursements shows large disallowances from defendant's claim; the charter hire allowed is very much less than that claimed by defendant in its separate defense and reasserted in the Court of Claims.

Walter F. Welch, of New York City, for plaintiff in error.

Emory R. Buckner, U. S. Atty., of New York City (Edgar G. Wandless, Albert G. Kirby, and George Biddle, Sp. Asst. U. S. Attys., all of New York City, of counsel), for the United States.

Before MANTON, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge (after stating the facts as above). It is clear at least from the statement annexed to the affidavit that court and counsel deemed the complaint to be one at law for a balance due on an accounting, although not on an account stated by the parties. The effect of the judgment is therefore to determine that on a full accounting of all transactions between the parties defendant is indebted for the balance claimed.

The admission, however, in defendant's petition in the Court of Claims, is not that it owes a balance of $56,409.12. On the contrary, it shows that this is merely the balance originally admitted to be due on account of receipts and disbursements, *exclusive of charter hire;* indeed, defendant further admits that on that account the amount should be increased to $152,899.22. As against this, however, it asserts its contractual claim for $221,536 charter hire, leaving a net balance due it of $68,636.78.

[1, 2] Clearly, therefore, the alleged admission does not support the judgment. Furthermore, if, as the court determined by striking out the separate defenses and counterclaims, it was without jurisdiction to adjudicate defendant's claim for charter hire, it could not indirectly adjudicate it by awarding judgment to plaintiff for a balance due over and above the charter hire.

The statement was an ex parte determination of the balance due; it was not and did not purport to be an account stated. On the contrary, several items in addition to the charter hire were the subject-matter of what appears to be a bona fide dispute as to facts and law.

In these circumstances, summary judgment under rule 113 of the New York Civil Practice Rules was not permissible.

Reversed and remanded.